1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY L. DEN ADEL, *et al.*,

                Plaintiffs,

        v.

WELLS FARGO BANK N.A.,

                Defendant.

No. C11-0212RSL

ORDER GRANTING DEFENDANT
WELLS FARGO BANK N.A.'S
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on "Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs' Amended Complaint." Dkt. # 20. On May 12, 2011, plaintiffs filed the fourth iteration of their complaint in this matter. Dkt. # 27. No other response to the motion to dismiss was submitted.

Wells Fargo argues that plaintiffs' claims, as asserted in the third iteration of their complaint, should be dismissed for failure to state a claim upon which relief can be granted. Because plaintiffs had not obtained agreement of the parties or leave of Court to file a third amended complaint, the pleading filed on May 12, 2011, is ineffective. The Court will therefore evaluate the adequacy of the complaint that was properly filed on April 1, 2011. Dkt. # 15.

ORDER GRANTING DEFENDANT WELLS
FARGO BANK N.A.'S MOTION TO DISMISS

In the context of a motion to dismiss, the complaint will be liberally construed in favor of the plaintiff and its factual allegations will be taken as true.  See, e.g., Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992).  Although plaintiffs need not plead the facts that support their claims in detail, a complaint that offers nothing more than conclusory allegations tracking the elements of a claim, without any factual enhancement, is not sufficient.  Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009).  The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted).

The district court will generally review only the contents of the complaint when determining whether the allegations give rise to a plausible claim for relief.  Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  Where documents are referenced extensively in the complaint, form the basis of plaintiffs' claim, and or are subject to judicial notice, however, Ninth Circuit authority allows the Court to consider those documents in the context of a motion to dismiss.  United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003); Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir. 1998); Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Accordingly, the Court has considered the documents attached to the Decl. of Abraham K. Lorber (Dkt. # 9).

## II. DISCUSSION

Plaintiffs are proceeding *pro se* in this matter.  They allege various state and federal claims arising from the involuntary sale of their property on December 11, 2009, after plaintiffs fell behind on their mortgage payments.  In particular, plaintiffs allege that Wells Fargo engaged in predatory lending practices when the loan was initiated in July 2008, that Wells Fargo did not have standing to initiate foreclosure proceedings at the end of 2009, and

that the conveyance of their property was invalid. Plaintiffs assert claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* Plaintiffs also assert claims of "predatory lending," "securities fraud," slander of title, "predatory loan violations," "mock auction," and breach of contract.

As noted above, plaintiffs did not respond to this motion, which the Court construes as a concession that the motion has merit. Local Civil Rule 7(b)(2). Moreover, plaintiffs have failed to set forth sufficient facts to show that they are entitled to relief on any of the asserted claims. Iqbal, 129 S. Ct. at 1949. For example, in support of their RESPA claims, plaintiffs simply identify two requirements of the Act and, as to one of those requirements, state "Failed." Amended Complaint (Dkt. # 15) at 8-9. As to their TILA claim, plaintiffs affirmatively allege facts which show that the claim is barred by the applicable statute of limitations. Having reviewed plaintiffs' complaint, the Court finds that it fails to allege enough facts to make any of plaintiffs' asserted claims plausible.

### III. CONCLUSION

For all of the foregoing reasons, Wells Fargo's motion to dismiss (Dkt. # 20) is GRANTED. The claims asserted against defendant Wells Fargo in the April 1, 2011, complaint are hereby DISMISSED. Plaintiffs will, however, be given leave to amend. In response to Wells Fargo's motion, plaintiffs substantially rewrote their complaint, deleting many of the unsupported causes of action and asserting violations of Washington's Deed of Trust Act and other state law claims. Although the May 12, 2011, version of the complaint is not properly before the Court on this motion, it provides some indication that plaintiffs may be able to assert a viable cause of action through amendment.

Plaintiffs may, on or before June 9, 2011, file a motion seeking leave to amend their complaint. The motion must include a proposed "Third Amended Complaint" as an

1  exhibit.  Plaintiff is advised that unless the factual allegations of the proposed complaint make
2  the asserted claims plausible rather than simply possible, leave to amend will be denied.

4         Dated this 23rd day of May, 2011.

                            *(signature)*
                            Robert S. Lasnik
                            United States District Judge